# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-5330**

**September Term, 2021**

FILED ON: NOVEMBER 12, 2021

RICHARD ARNOLD, ET AL.,
>> APPELLANTS

RICK P. BRADLEY, ET AL.,
>> APPELLEES

v.

SECRETARY OF THE NAVY, ET AL.,
>> APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02755)

---

Before: TATEL, RAO and WALKER, *Circuit Judges*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia. After giving full consideration to the parties' briefs, we have determined that the issues therein do not warrant a published opinion. *See* D.C. Cir. R. 36(d). Given the district court's careful and sound analysis, it is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

This case is the offshoot of a long-running dispute between former non-liturgical Protestant Navy chaplains and the Navy. The underlying dispute has fueled more than twenty years of litigation, demanded the resources of multiple district judges, and occupied several court of appeals panels. *In re Navy Chaplaincy*, 323 F. Supp. 3d 25, 31 (D.D.C. 2018). In 2018, the district court granted summary judgment to the Navy as to the chaplains' systemic challenges to broadly applicable personnel procedures. *See generally id.* That decision left only the chaplains' individualized claims to be resolved.

In this most recent round of litigation, the chaplains purport to bring those individualized claims, alleging that the Navy: (1) retaliated against them; (2) constructively discharged them;

(3) discriminated against their religious free speech; and (4) violated the Religious Freedom Restoration Act (RFRA). Complaint at 67–72, *Arnold v. Secretary of Navy*, No. 19-2755, 2020 WL 1930393 (D.D.C. Apr. 21, 2020) ("Complaint"). The chaplains further argue that 10 U.S.C. § 613a, a statute barring disclosure of Naval personnel selection board proceedings, runs afoul of the Constitution by denying them evidence necessary to bring their claims. *Id.* at 70.

The district court dismissed all but the religious speech claims on res judicata grounds, to the extent that the claims raised systemic challenges already litigated. But the court severed the individual claims related to retaliation, constructive discharge, and religious speech and granted the chaplains the opportunity to refile those claims individually. In addition, finding the chaplains' filings "duplicative and harassing," the district court issued a pre-filing injunction requiring the chaplains to seek leave of the court prior to refiling individual claims. *Arnold*, 2020 WL 1930393, at *9–10. The court also denied the chaplains' motion for reconsideration regarding section 613a. On appeal, the chaplains ask us to reverse and vacate the district court's orders and to rule that they have a constitutional right to discovery of promotion board proceedings. Appellants' Br. 53.

We review the application of res judicata de novo. *Sheptock v. Fenty*, 707 F.3d 326, 330 (D.C. Cir. 2013). The district court's denial of the motion for reconsideration and pre-filing injunction we review for abuse of discretion. *See Judicial Watch, Inc. v. United States Department of Defense*, 913 F.3d 1106, 1110 (D.C. Cir. 2019) (applying abuse-of-discretion standard to review denial of motion for reconsideration); *Crumpacker v. Ciraolo-Klepper*, 715 F. App'x 18, 20 (D.C. Cir. 2018) (per curiam) (applying same to review pre-filing injunction). The differing standards of review matter little here, however, because even if we were reviewing the entirety of Judge Bates's decisions de novo, we would affirm.

First, we agree with the district court that the chaplains' claims are barred by res judicata. Although the chaplains set forth detailed fact patterns as to each plaintiff in their complaint, Complaint at 19–66, they fail to anchor their retaliation or constructive discharge claims to individualized facts. Instead, they rehash their attacks against systemic "challenged procedures" already litigated and decided. *Id.* at 69–70; *Arnold*, 2020 WL 1930393, at *4–6. The chaplains' RFRA claim is likewise untethered to individualized allegations, amounting to the same broad RFRA claim that the district court decided in 2018. *Compare* Complaint at 71–72 (most recent RFRA claim), *with In re Navy*, 323 F. Supp. 3d at 38 (summarizing previous RFRA claim). Although on appeal the chaplains point out that the district court never decided their individualized claims, *see e.g.*, Appellants' Br. 23, that argument misses the point. The district court properly barred the chaplains' claims to the extent they were systemic and instructed the chaplains to refile their individual claims in separate lawsuits, which they failed to do. Last, the chaplains' challenge to section 613a is precluded many times over. The district court had rejected this constitutional argument three times before the chaplains brought their most recent section 613a claim, *Arnold*, 2020 WL 1930393, at *7, and has done so a fourth and fifth time in its two most recent orders dismissing the claim and denying reconsideration. Nothing in the chaplains' arguments on appeal provides any basis for questioning decisions by the district court and our court that no constitutional right to evidence exists merely because of its importance to a

2

constitutional claim. *In re Navy Chaplaincy*, Nos. 19-5204, 19-5206, 2020 WL 11568892, at *1 (D.C. Cir. Nov. 6, 2020) (per curiam) (rejecting the chaplains' section 613a argument and quoting district court opinions doing the same).

We also have no difficulty affirming the district court's pre-filing injunction. Judge Bates carefully considered the factors that we require prior to issuing a pre-filing injunction: (1) providing the chaplains notice and an opportunity to be heard; (2) establishing an adequate record for review; and (3) making substantive findings as to the frivolous or harassing nature of the chaplains' actions. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam). After allowing the chaplains to brief the issue, the district court catalogued previous lawsuits in which the chaplains brought the same claims, further noting that the chaplains and their counsel were "unrepentant" about their duplicative filings, misrepresentations to the court, and forum shopping. *Arnold*, 2020 WL 1930393, at *8–9. Judge Bates crafted the pre-filing injunction to "appl[y] only to the narrow category of litigation against the Navy for alleged religious discrimination, within which the [c]ourt ha[d] found that plaintiffs ha[d] been engaged in repetitive and harassing litigation." *Id.* at *10. On appeal, the chaplains make no real effort to demonstrate that the pre-filing injunction was an abuse of discretion. Instead, they simply disagree with the court's findings as to claim preclusion. *See* Appellants' Br. 50–53.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Michael C. McGrail
Deputy Clerk